UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| SHERVON S. JOHNSON, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No.: 3:16-CV-425-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Shervon S. Johnson has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the motion. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Petitioner's § 2255 motion will be denied.

**I.      BACKGROUND FACTS AND PROCEDURAL HISTORY**

In 1995, a jury convicted Petitioner of conspiring to violate federal law in violation of 18 U.S.C. § 371; aiding and abetting a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and 2; aiding and abetting the use of a firearm during an in relation to a crime of violence in violation of 18 U.S.C. § 924(c); aiding and abetting the possession of a machine

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

gun in violation of 18 U.S.C. § 922(o); and possessing a firearm as a felon in violation of 18 U.S.C. § 922(g). *See United States v. Richmond*, Nos. 96-5879, 96-5880, 96-5886, 1997 WL 720469, at *1 (6th Cir. Nov. 12, 1997). Petitioner was sentenced to an aggregate term of 430 months' imprisonment. *Id*. The Sixth Circuit affirmed Petitioner's convictions and sentence, and the Supreme Court denied certiorari. *Id*. at *3; *Richmond v. United States*, 523 U.S. 1032 (1998).

In 2016, Petitioner filed the instant motion seeking a lesser sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). *Johnson*, 135 S. Ct. at 2563. In compliance with this Court's order to file a response, the United States filed its response in opposition to the motion on August 11, 2016 [Doc. 5].

## II. LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III. DISCUSSION

### A. Section 924 conviction

The residual clause of the ACCA struck down as unconstitutionally vague in *Johnson* defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Johnson*, 135 S. Ct. at 2563. According to Petitioner, *Johnson*'s reasoning also invalidated the residual clause in § 924(c)(3)(B)'s definition of a crime of violence, which requires vacatur of his § 924(c) convictions [Doc. 1 p. 4-9].

Under 18 U.S.C. § 924(c), it is unlawful to use or carry a firearm during and in relation to a "crime of violence or drug trafficking crime," or to possess a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A "crime of violence" under § 924(c) is "an offense that is a felony and" either (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "use-of-force clause"); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3).

The Sixth Circuit has expressly held that *Johnson*'s reasoning does not invalidate the differently-worded residual clause of § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340, 376-79 (6th Cir. 2016). Moreover, because the Supreme Court expressly stated in *Johnson* that it was not invalidating the ACCA's use-of-force clause, *Johnson* has no

application to the similarly-worded use-of-force clause in § 924(c)(3)(A). *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, even if *Johnson* did invalidate the residual clause of § 924(c)(3)(B), Petitioner's conviction would nonetheless be valid under § 924(c)(3)(A)'s use-of-force clause. A Hobbs Act robbery by definition involves the taking of property "by means of actual or threated force, or violence, or fear of injury," and therefore, categorically involves the use, attempted use, or threatened use of such force. 18 U.S.C. § 1951(b)(1); *see also, e.g., United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) (holding Hobbs Act robbery is a crime of violence under § 924(c)'s use-of-force clause). Accordingly, the Supreme Court's holding in *Johnson* does not provide Petitioner with a basis on which to challenge the validity of his convictions.

**B.     Calculation of time**

Petitioner also complains that he "is not being credited with the jail time served while in the custody of the State of Tennessee Department of Corrections," and that, in his view, he should receive credit for all time in custody since his federal offense [Doc. 1 p. 10]. However, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons" ("BOP"). *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). Moreover, Petitioner cannot attack the manner in which his sentence was calculated by the Bureau of Prisons in an action under 28 U.S.C. § 2255. *See, e.g., United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (holding where defendant "is challenging

4

the manner in which the sentence was being executed. . . Section 2255 does not apply"); *see also Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006) (noting portion of § 2255 motion challenging Bureau of Prisons' calculation of time-served credit could only be properly raised under § 2241 in the district of incarceration, not by way of § 2255).

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.	CONCLUSION

For the reasons stated herein, Petitioner has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**.  A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Order will enter.**

										s/ Thomas A. Varlan
										UNITED STATES DISTRICT JUDGE